Per Curiam.
The vaction was for damages from the alleged negligence of defendant. The plaintiff was in a carriage hired at a livery stable and driven by a man from that stable. The driver was proceeding to cross the defendant’s railroad when a train was approaching. The carriage was on the track when the train struck it. The plaintiff was thereby hurt. On the trial the plaintiff’s counsel asked the court to charge the jury, that if the negligence of the defendant contributed to cause the injury, then it is no excuse to the defendant that the driver may have been negligent. The court recognized the principle of law involved in the proposition yet be *163 lieved it to be inapplicable to the facts of the case. “I think in this case the controlling question is, was this the negligence of Burke, the driver, or was it the negligence of the railroad.”
It seems from the facts as they appear on the appeal, that the jury might have found that both the driver and the railroad were jointly negligent. It was admitted on the trial that the negligence of the driver could not be imputed to the plaintiff. This question of joint negligence was not sent to the jury. They were only asked if the railroad by itself was negligent or if the driver by himself was negligent. The plaintiff did not have the benefit of finding from the jury whether each was partly negligent and, therefore, both jointly negligent. For this reason there should be a new trial.
Judgment reversed and new trial ordered, with costs to appellant to abide the event.